Alan CRONE, Tommy Whittaker, Robin Smith, Kirk Huddleston, Mamon Wright Plaintiffs,

v.

Riley DARNELL, in his official capacity as Secretary of State of Tennessee; Don Sundquist, in his official capacity as Governor of the State of Tennessee; Brook Thompson, in her official capacity as Coordinator of Elections of Tennessee; Paul G. Summers, in his official capacity as Attorney General of Tennessee; Calvin Anderson, in his official capacity as Commissioner of the State Election Commission; Michael L. Duncan, in his official capacity as Commissioner of the State Election Commission; Lytle Landers, in his official capacity as Commissioner of the State Election Commission;

James H. Wallace, in his official capacity as Commissioner of the State Election Commission; Thomas C. Wheeler, in his official capacity as Commissioner of the State Election Commission, Defendants.

No. 01–2689 DA.

United States District Court,
W.D. Tennessee,
Western Division.

Dec. 6, 2001.

John L. Ryder, Harris Shelton Dunlap Cobb & Ryder, Memphis, TN, for Alan Crone, Tommy Whittaker, Robin Smith, Kirk Huddleston, Mamon Wright, plaintiffs.

Michael W. Catalano, Attorney General's Office, Nashville, TN, for Riley Darnell, State of Tennessee, Don Sundquist, Brook Thompson, Paul G. Summers, Calvin Anderson, Michael L. Duncan, Lytle Landers, James H. Wallace, Thomas C. Wheeler, defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

DONALD, District Judge.

Plaintiffs Alan Crone, Tommy Whittaker, Robin Smith, Mamon Wright, and Kirk Huddleston ("Plaintiffs"), filed a complaint alleging causes of action against Defendants Riley Darnell, Don Sundquist, Brook Thompson, Paul G. Summers, Calvin Anderson, Michael L. Duncan, Lytle Landers, James H. Wallace, and Thomas C. Wheeler ("Defendants"), pursuant to the Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. §§ 1973a(c), 1983, and 1988; and 28 U.S.C. §§ 1343, 1357, 1391(b), 2201, 2202, and 2284. Defendants filed a Rule 12(b) motion to dismiss these claims for: (1) failure to state a claim upon which relief can be granted; (2) lack of subject matter jurisdiction; and (3) improper venue. The Court conducted a hearing on this motion on November 26, 2001. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

For the following reasons, the Court GRANTS Defendants' Motion to Dismiss for failure to state a claim upon which relief could be granted.[1]

## I. Background Facts

The following factual allegations are set forth in Plaintiffs' Complaint and are taken as true for purposes of this order. Plaintiffs are citizens, residents, and qualified electors of the State of Tennessee. Two of the plaintiffs, Mamon Wright and Alan Crone, are citizens of counties in the Western District of Tennessee. Defendants, citizens of the State of Tennessee, are sued in their official capacities.

On December 28, 2000, the U.S. Secretary of Commerce released its report on the 2000 decennial census. This report shows that significant population shifts have occurred in Tennessee in the last decade. Despite these population shifts, the current apportionment plan is based on 1990 population figures. As a result, the state's house districts now have an overall range of deviation from the ideal district population size of ± 80.90%. The state's senate districts (± 61.14%) and congressional districts (± 35.71%) are also based on 1990 population figures and, accordingly, are similarly malapportioned.

The First Session of the 102nd Tennessee General Assembly convened on January 9, 2001 and adjourned on August 7, 2001. The General Assembly is not scheduled to reconvene until January 8, 2002. Tennessee candidates for state and federal office face an April 4, 2002 filing deadline. Primary elections are scheduled for August 1, 2002 and the general election is scheduled for November 5, 2002.

Plaintiffs assert that legislative enactment of a reapportionment plan must be completed by January 4, 2002. They aver that since it will take at least four weeks for the General Assembly to pass such a

---

1. A Three–Judge District Court composed of the Honorable Gilbert S. Merritt, United States Circuit Judge for the Sixth Circuit, the Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, and the Honorable Bernice Bouie Donald, United States District Judge for the Western District of Tennessee, was appointed pursuant to 28 U.S.C. § 2284(b)(1).

plan, it is possible that new district lines will not be drawn until February 2002. Plaintiffs seek a declaratory judgment that Tennessee's state legislative and congressional districts are malapportioned and that the United States Constitution and federal law require reapportionment ninety days prior to April 4, 2002. Plaintiffs also request that the Court permanently enjoin Defendants and their agents from conducting any election using the current district plans. Finally, Plaintiffs ask the Court to adopt a new apportionment plan for use in the 2002 elections and to award attorneys' fees to Plaintiffs.

Plaintiffs contend that Defendants' failure to provide them with reasonable notice of the new apportionment plan has diluted their voting strength. This alleged injury, they argue, entitles them to immediate relief. In response, Defendants maintain that Plaintiffs are not presently being deprived of their voting rights. Furthermore, they aver that the Tennessee General Assembly may address Plaintiffs' allegations of malapportionment in a timely manner.

## II. Legal Standards

### A. Motion to Dismiss

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion tests only whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To determine whether a motion to dismiss should be granted, a court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must provide the defendant with "fair notice" of the plaintiff's claim and the grounds upon which it rests. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). This requires the plaintiff to allege the essential material facts of the case. *Scheid*, 859 F.2d at 436–37.

In reviewing the complaint, a court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. *Neitzke*, 490 U.S. at 327, 109 S.Ct. 1827; *Murphy v. Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). Legal conclusions or unwarranted factual inferences should not be accepted as true, however. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

A court should only dismiss a complaint when it appears that relief is not possible as a matter of law. *Wright v. Metro-Health Medical Center*, 58 F.3d 1130, 1138 (6th Cir.1995), *cert. denied* 516 U.S. 1158, 116 S.Ct. 1041, 134 L.Ed.2d 188 (1996).

## III. Analysis

Plaintiffs assert that "Due Process" requires Tennessee to enact a new apportionment plan ninety days before the April 4, 2002 filing deadline for candidates for state and federal elective office. Plaintiffs maintain that the Tennessee General Assembly will be unable to comply with this requirement because: (1) the legislature will not reconvene until January 8, 2002 and (2) Plaintiffs predict that it will take at least four weeks to pass a bill. Defendants properly filed a motion to dismiss pursuant to Rule 12(b)(6).

In order to plead a claim under either the Fourteenth Amendment, 42 U.S.C.

§§ 1973a(c), 1983, 1988, or 28 U.S.C. §§ 1343, 1357, 1391(b), 2201, 2202, 2284, Plaintiffs must allege that some person has deprived them of a federal right. *See, e.g., Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Plaintiffs assert that they have a "Due Process" right to notice of a new apportionment plan ninety days prior to the qualifying deadline and that Defendants have violated this right. Plaintiffs do not, however, cite any legal authority which gives rise to their self-styled "Due Process" right.

No federal court has ever recognized a voter's right to notice of a new apportionment plan ninety days before the candidate qualifying deadline. Plaintiffs' assertion that Defendants violated their "Due Process" rights therefore does not satisfy the above-referenced pleading requirements. Plaintiffs fail to articulate any judicially cognizable injury to a federal right. In the absence of such an injury, Plaintiffs are not entitled to relief under any recognized legal theory.

Where relief is not possible as a matter of law, a court should dismiss the plaintiff's complaint. *See Wright,* 58 F.3d at 1138. The Court consequently finds Defendants' motion to dismiss well-taken. Pursuant to Rule 12(b)(6), the Court grants Defendants' motion to dismiss for failure to state a claim upon which relief could be granted.

Inasmuch as Plaintiffs have failed to state a claim for relief, the Court need not address the issues of standing, ripeness, or venue, as those issues are rendered moot.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiffs' complaint in its entirety.